JUSTICE KOONTZ,
with whom JUSTICE COMPTON and JUSTICE KEENAN join, dissenting.
I cannot join in the result reached by the majority and, accordingly, I respectfully dissent.
On brief, the insured stated that the “To be determined” answers she provided on June 23, 1995 in the blanks on the proof of loss form designated for the “Actual Cash Value” of the damaged property and the amount of her claim were “the equivalent of, T don’t know now, but I’m working on it.’ ” Undoubtedly that is true, and it makes sense when considered in light of the provisions of the policy, noted by the majority, that specifically provide procedures for resolving disparities between the amount claimed by the insured and the amount offered by the insurer.
This is not a situation involving a denial of a claim by the insurer. The sole issue is when, under the express terms of the insurance contract, the completion of the proof of loss form triggers the thirty-day option of the insurer to pay the claim or to rebuild the property.
In Aetna Cas. Co. v. Harris, 218 Va. 571, 578-80, 239 S.E.2d 84, 88-89 (1977), as noted by the majority, we have determined that providing the insurer with the mere fact of loss does not constitute substantial and reasonable compliance with the requirements of the insurance policy to provide a proof of loss. In my view, for purposes of determining whether sufficient information was provided to trigger the thirty-day option period, the proof of loss here which provided no more information to the insurer regarding the amount of the claim than “I don’t know now, but I’m working on it,” is really no more than a notice of loss. Clearly it falls short of a proof of loss that permits the insurer to determine intelligently how to exercise its contractual options in response.
*61 For these reasons, I would hold that the thirty-day period within which the insurer had the right to exercise the option to rebuild or to pay the claim commenced on November 22, 1995, when the insured provided the second proof of loss statement containing the dollar amount for the value of the damaged dwelling, and I would reverse the judgment of the trial court.